## GEORGE THOMPSON, PLAINTIFF-PROSECUTOR, v. POWELL-SAVORY CORP., DEFENDANT-RESPONDENT.

Submitted October 3, 1939—Decided January 8, 1940.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PORTER.

For the prosecutor, *Henry J. Stanfield* and *William V. Azzoli.*

For the respondent, *Pesin & Pesin.*

PER CURIAM.

This is a *certiorari* to review an order of the District Court of the Second Judicial District of Essex county vacating a default judgment and directing a new trial more than thirty days after said judgment was entered.

Respondent moves to dismiss the writ on the ground that the state of case, to which timely objection was made, does not contain a transcript of the testimony taken before the court below upon the return of the rule to show cause why the judgment should not be opened and does not contain

the judge's opinion and decision. Prosecutor answers that those matters dealt solely with the attempt of defendant to set aside service of process and are extraneous to a determination of the propriety of opening judgment. Since prosecutor elects to rely upon the strict record presented to us, we will deny the motion to dismiss and proceed to the questions raised under the writ of *certiorari* on such record.

The docket discloses the following entries: February 7, 1939, summons issued; February 16, summons re-issued, returned served on "Carl Lawrence a Rep. of the defendant;" February 17, state of demand filed; February 21, cause listed and called, defendant not appearing; March 7, affidavit of proof filed, judgment by default entered by the clerk; April 12, execution issued; April 12, alias execution issued; May 3, pluries execution issued; May 19, rule to show cause filed; May 26, affidavit on motion filed; May 26, both parties appeared on a rule to show cause to set aside service of summons, witnesses were sworn and the rule adjourned to June 9; June 9, both parties appeared on rule, witnesses were sworn, rule adjourned until June 16; June 15, an order was filed dismissing the rule to show cause and declaring service to be sufficient; June 16, cause listed for trial July 20; June 27 an order discharging rule as to service and vacating judgment for trial on merits was filed; July 17, writ of *certiorari* served.

The rule to show cause directed plaintiff to show cause "why the summons served herein, as more fully appears by the affidavit of service endorsed on the summons on file in this court, should not be set aside, and why the judgment entered herein as by the record more fully appears, should not be vacated, set aside and for nothing holden." The order of June 15th, 1939, dismissed this rule, and the order dated June 21st, provided "that the service of the summons herein having been declared to be valid and that the rule be discharged as to the question of service;" and further "It is further ordered that the default judgment entered herein be and the same is hereby vacated, set aside and for nothing holden, and that the defendant be permitted to file its appearance, and that this cause be set down by the clerk for trial

on the merits of the cause on the regular calendar of this court." In the absence of the judge's opinion and of the testimony taken before him, we have no knowledge of the factual situation presented or of the reasons which motivated him in opening the judgment.

Prosecutor relies solely upon *R. S.* 2:32-121, which provides that, in the District Court, "An application for a new trial, except for newly discovered evidence, shall be made within thirty days after judgment." However, there are many situations in which this section has been held to be no bar to the exercise of the inherent power of a court to control its judgments, such as invalidity of the judgment for some reason, *Gimbel Bros.,* v. *Corcoran,* 15 *N. J. Mis. R.* 538; fraud, *Zicarelli* v. *General Finance Co.,* 14 *Id.* 711; lack of jurisdiction of the subject-matter, *Palansky* v. *Reich,* 11 *Id.* 106; *affirmed,* 111 *N. J. L.* 241; lack of a legal trial, *Anderson* v. *Independent Order of Foresters,* 98 *Id.* 648; failure to give proper notice of trial, *Greenbaum* v. *Higgins,* 7 *N. J. Mis. R.* 1012.

In view of the fact that the evidence taken at the hearing on the rule is not before us, we must assume that the evidence justified the finding, *Greenbaum* v. *Higgins, supra,* and that the necessary factual foundation for the action of the court was present, *State* v. *Neiman,* 123 *N. J. L.* 341. On appeal every intendment is in favor of the correctness of the action under review. *Phillips* v. *Borough of Longport,* 90 *Id.* 212. The burden of showing error is on the appellant. *Anderson* v. *Walker Realty Co.,* 1 *N. J. Mis. R.* 287. And where the testimony is not presented, the appellate court must assume that the facts necessary to support the action are present. *Pyramid Petroleum Products Co.* v. *Abraham,* 6 *Id.* 811.

The complete record not being before us, the prosecutor has been unable to demonstrate that this case was not in one of those classes where the thirty-day limitation upon opening the judgment does not apply. We, therefore, must assume that the court acted properly and that it was a proper case for the opening of the judgment.

The writ is dismissed, with costs.